KM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Louis Gonzelez-Pena, | No. CV 04-3023-PHX-DGC (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Defendants. | |

Plaintiff Louis Gonzelez-Pena, confined in the Arizona State Prison Complex-Lewis, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. On August 31, 2005, the Court dismissed the Complaint with leave to amend. Plaintiff filed an Amended Complaint on September 16, 2005 (Doc. #6). The Court will order Defendants Lopez, Osario, and Haley to answer Counts II, III, and IV of the Amended Complaint and will dismiss the remaining claims and Defendants.

**I.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

**TERMPSREF**

## II. Amended Complaint

The following are named as Defendants in the Amended Complaint: 1) Dora Schriro, Director, Arizona Department of Corrections ("ADOC"); 2) C.I.U. Officer Lopez, Criminal Investigator, Arizona State Prison Complex ("ASPC")–Florence; 3) C.O. IV Osario, ASPC-Lewis; and 4) Herbert Haley, Deputy Warden, ASPC-Lewis.

Plaintiff alleges four grounds for relief in the Amended Complaint: 1) Plaintiff's safety was threatened in violation of the Eighth Amendment when he was not transferred to protective segregation in accordance with ADOC policy; 2) Plaintiff's safety was threatened in violation of the Eighth Amendment when in December 2002 Defendant Lopez allowed Plaintiff to be transferred to ASPC-Tucson, although Plaintiff had told Defendant Lopez he would not be safe there, and Plaintiff was stabbed; 3) Plaintiff's safety was threatened in violation of the Eighth Amendment when in December 2003 Defendant Osario refused to place Plaintiff in protective segregation, despite Plaintiff's request, and Plaintiff was beaten with a padlock by his cell mate; and 4) Plaintiff's safety was threatened in violation of the Eighth Amendment when Defendant Haley refused to transfer Plaintiff to protective segregation in December 2003, although he had knowledge of Plaintiff's fears of being attacked by his cell mate. Plaintiff seeks money damages.

Count II, III, and IV of the Amended Complaint adequately state a claim, and the Court will require Defendants Lopez, Osario, and Haley to answer these claims.

## III. Failure to State a Claim

In Count I, Plaintiff alleges that Defendant Schriro is responsible for forming security policies at ADOC. Plaintiff surmises that because of her supervisory position, she must have been aware of Defendant Haley's alleged failure to conform with the security policy and is liable because she failed to remedy the problem. These allegations do not state a § 1983 claim.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant, and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377

(1976). To state a claim against a supervisory official, the civil rights complainant must allege that the official personally participated in the constitutional deprivation or that a state supervisory official was aware of widespread abuses and failed, with deliberate indifference to the inmate's constitutional rights, to take action to prevent further misconduct. King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); See Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978). There is no *respondeat superior* liability under § 1983, and, therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. 658; Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

In this case, Plaintiff does not allege that Defendant Schriro was aware of the deprivation of Plaintiff's constitutional rights and failed to act, only that she should have been aware. Because Plaintiff has based Defendant Schriro's alleged liability solely on her position as a supervisor of those Defendants who allegedly violated Plaintiff's rights, Plaintiff has failed to state a claim against Defendant Schriro. Defendant Schriro and Count I of the Amended Complaint will be dismissed for failure to state a claim.

**VI. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See LRCiv 83.3(d). Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

**C. Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

1  of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by
2  a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff
3  must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court
4  may strike any filing that fails to comply with these requirements.

5  **D. Possible Dismissal**

6  Plaintiff is warned that failure to timely comply with every provision of this Order,
7  including these warnings, may result in dismissal of this action without further notice. See
8  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an
9  action for failure to comply with any order of the Court).

10 **IT IS ORDERED:**

11 (1) Count I of the Amended Complaint **and** Defendant Schriro are **dismissed** without
12 prejudice.

13 (2) Defendants Lopez, Osario, and Haley must answer Counts II, III, and IV of the
14 Amended Complaint.

15 (3) The Clerk of Court must send Plaintiff a service packet including the Amended
16 Complaint (Doc.#6), this Order, and both summons and request for waiver forms for
17 Defendants Lopez, Osario, and Haley.

18 (4) Plaintiff must complete and return the service packet to the Clerk of Court within
19 20 days of the date of filing of this Order. The United States Marshal will not provide
20 service of process if Plaintiff fails to comply with this Order.

21 (5) If Plaintiff does not either obtain a waiver of service of the summons or complete
22 service of the Summons and Amended Complaint on a Defendant within 120 days of the
23 filing of the complaint or within 60 days of the filing of this Order, whichever is later, the
24 action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the
25 Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

26 (6) The United States Marshal must retain the Summons, a copy of the Amended
27 Complaint, and a copy of this Order for future use.

28 (7) The United States Marshal must notify Defendants Lopez, Osario, and Haley of

1 the commencement of this action and request waiver of service of the summons pursuant to
2 Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include
3 a copy of this Order. The Marshal must immediately file requests for waivers that were
4 returned as undeliverable and waivers of service of the summons. If a waiver of service of
5 summons is not returned by a Defendant within 30 days from the date the request for waiver
6 was sent by the Marshal, the Marshal must:

7     (a)  Personally serve copies of the Summons, Amended Complaint, and this
8 Order upon Defendant pursuant to  Rule 4(e)(2) of the Federal Rules of Civil
9 Procedure;

10     (b)  Within 10 days after personal service is effected, file the return of service
11 for Defendant, along with evidence of the attempt to secure a waiver of service of the
12 summons and of the costs subsequently incurred in effecting service upon Defendant.
13 The costs of service must be enumerated on the return of service form (USM-285) and
14 must include the costs incurred by the Marshal for photocopying additional copies of
15 the Summons, Amended Complaint, or this Order and for preparing new process
16 receipt and return forms (USM-285), if required. Costs of service will be taxed against
17 the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules
18 of Civil Procedure unless otherwise ordered by the Court.

19 (8)  **A Defendant who agrees to waive service of the Summons and Amended**
20 **Complaint must return the signed waiver forms to the United States Marshal, not the**
21 **Plaintiff.**

22 (9) Defendants Lopez, Osario, and Haley must answer Counts II, III, and IV of the
23 Amended Complaint or otherwise respond by appropriate motion within the time provided
24 by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

25 (10) Any answer or responsive pleading must state the specific Defendant by name
26 on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other
27 motion or paper that does not identify the specific Defendant by name on whose behalf it is
28 filed.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(11)  This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 20th day of July, 2006.

*David G. Campbell*
—————————————————
David G. Campbell
United States District Judge