**JWB**

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luiz Arnoldo Gonzalez-Pena, | No. CV 04-3023-PHX-DGC (MEA) |
| Plaintiff, | **ORDER** |
| vs. | **AND** |
| Lopez, et al., | **ORDER TO SHOW CAUSE** |
| Defendants. | |

Before the Court is Defendant Haley's Motion to Dismiss (Doc. # 11), Plaintiff's Response (Doc. # 15), and Defendant Haley's Reply thereto (Doc. # 17). The Court will grant Defendant Haley's motion and order Plaintiff to show cause as to why this action should not be dismissed as to the remaining Defendants.

**I. Exhaustion Requirement**

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He *must* complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to

decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

## II. Parties' Contentions

Plaintiff's First Amended Complaint presented four claims for relief against Defendants Arizona Department of Corrections ("ADC") Director Dora Schriro, ADC Officer Lopez , ADC C.O. IV Osario, and ADC Deputy Warden Herbert Haley. Plaintiff claimed that (1) Officer Lopez transferred Plaintiff to a unit where Plaintiff's life would be in danger (Count II); (2) C.O. IV Osario refused to move Plaintiff and he was subsequently assaulted by his cellmate (Count III); and (3) Deputy Warden Haley had knowledge of Plaintiff's situation and acted with deliberate indifference in failing to have Plaintiff moved (Count IV) (Doc. # 6 at 6-10).[1] Plaintiff alleged that he filed initial grievances for each of his claims, but acknowledged that he failed to appeal those grievances to the highest level (Id.). The Court ordered Lopez, Osario, and Haley to answer (Doc. # 7). Service was returned unexecuted as to Lopez and Osario on August 28, 2006.

Haley moved to dismiss Count IV, contending that the exhaustion requirement was not satisfied because (1) the jail records showed that Plaintiff did not file any grievances related to Haley and (2) the process is available to all inmates for any condition at the jail, including Spanish speaking inmates (Doc. # 11 at 5-6). In support, he submitted the affidavit of Hearing Officer Aurora Aguilar and copies of the ADC grievance procedure, Department Order (DO) 802 (Aguilar Aff. ¶ 1, Attach. 1, Doc. # 11).

Plaintiff responded that despite his inability to speak English, he attempted to exhaust his remedies but that ADC has frustrated his attempts at filing grievances (Doc. # 15 at 1). In support, Plaintiff attached copies of grievances dated June 8, 2003, July 14, 2003 December 5, 2004, and January 11, 2005 (Attachments, Doc. # 15). Plaintiff further averred that he was never informed about ADC grievances procedures until June 8, 2003, when he

---

[1] Upon screening, Count I and Director Schriro were dismissed from the action (Doc. # 7).

was told by C.O. Mejia to submit an informal resolution in Spanish, and she would translate it for him (Doc. # 15 at 1). Finally, Plaintiff claimed that the attached grievances demonstrate that ADC thwarted his attempts at filing his grievances (Id.).

Haley replied, arguing that none of Plaintiff's submitted grievances were logged in the ADC inmate grievance log (Doc. # 17 at 2). Haley further argued that assuming, arguendo, that Plaintiff did file the submitted grievances, there is no evidence that Plaintiff appealed those grievances to the Director's level, as required by DO 802 (Id.). Finally, Haley argued that Plaintiff's contention that he was unable to exhaust his remedies because of a language barrier lacks merit as the ADC inmate grievance procedure is available to all inmates in both English and Spanish (Id. at 3).

**III. Analysis**

As stated, Haley bears the burden of demonstrating what remedies are "available." See Wyatt, 315 F.3d at 1119; Brown, 422 F.3d at 936-37. Relevant evidence on what remedies are "available" includes official directives that explain the process, documentary or testimonial evidence from prison officials who review the process, as well as information provided to the inmate. Brown, 422 F.3d at 937.

Haley has demonstrated that a grievance system was available at the jail for Plaintiff's claim concerning deliberate indifference to his safety, despite the fact that Plaintiff does not speak or write English (Aguilar Aff. ¶¶ 3-4; Ex. A, Doc. # 11, Affidavit of Caroline Stone ¶4; Ex. C, Doc. # 11). As Plaintiff acknowledged, C.O. Mejia translated a grievance from Spanish to English for Plaintiff (Doc. # 15 at 1). More importantly, Plaintiff has submitted numerous grievances, which belie the conclusion that the grievance procedure was not available to him.

Plaintiff has failed to adduce sufficient evidence to demonstrate that he exhausted his claims to the Director's level as required by DO 802. Even assuming that Plaintiff did file the grievances he submitted with his Response to Haley's motion, those grievances do not reflect that Plaintiff filed any appeal to the Director's level. Moreover, Plaintiff's argument that he was "thwarted" in his ability to file grievances does not find any support in the record.

Plaintiff has not alleged *exactly* what transpired when he attempted to grieve his claims, nor has he specified who was involved in delaying or frustrating his ability to appeal.[2]

In sum, Plaintiff's lack of sufficient evidence that he exhausted available grievances prior to filing suit is insufficient to overcome Haley's evidence of nonexhaustion for Count IV.

## IV. Remaining Defendants

The Court, in its July 21, 2006 Order, ordered service on Lopez and Osario (Doc. # 7 at 4). The Court also informed Plaintiff that his failure to effect service on any Defendant within 120 days of the filing of the First Amended Complaint may result in the dismissal of each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(1). Neither Lopez nor Osario have been served; the summonses for each Defendant came back unexecuted for lack of a valid address. Plaintiff has not made an attempt to re-serve either Defendant. The Court will therefore order Plaintiff to show cause within 20 days why Lopez and Osario should not be dismissed for failure to serve pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

To comply, Plaintiff must file a Response to this Order within 20 days, explaining why Lopez and Osario should not be dismissed. If he fails to do so, both Defendants will be dismissed.

**IT IS ORDERED:**

(1) Defendant Haley's Motion to Dismiss (Doc. # 11) is **granted**.

(2) The remaining Defendants in this action are Defendants Lopez and Osario.

(3) Within 20 days of the date of entry of this Order, Plaintiff must show cause why Defendants Lopez and Osario should not be dismissed without prejudice for failure to serve.

---

[2] The Court also notes that Plaintiff has claimed he was not aware of ADC's grievance procedure until June of 2003 (Doc. # 15 at 1). But Plaintiff did not file this action until December of 2004, providing Plaintiff with more than sufficient time to fully exhaust his remedies before filing suit.

(4) If Plaintiff fails to file a response as described in this Order within 20 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice as to the remaining Defendants.

DATED this 28th day of March, 2007.

*David G. Campbell*
David G. Campbell
United States District Judge